IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| V. | § | No. 3:17-cr-341-B (17) |
| | § | |
| JASON SNOW, | § | |
| | § | |
| Defendant. | § | |

## **MEMORANDUM OPINION AND ORDER**

In the Order Accepting Report and Recommendation of the United States Magistrate Judge Concerning Plea of Guilty, dated August 30, 2018, United States District Judge Jane J. Boyle has referred this matter to the undersigned United States magistrate judge for a hearing to determine whether it has been clearly shown that there are exceptional circumstances under 18 U.S.C. § 3145(c) why Defendant Jason Snow should not be detained under 18 U.S.C. § 3143(a)(2) and whether it has been shown by clear and convincing evidence that Defendant Jason Snow is not likely to flee or pose a danger to any other person or the community if released under 18 U.S.C. § 3142(b) or (c). *See* Dkt. No. 397.

### **Background**

Defendant is set for sentencing before Judge Boyle on November 15, 2018. *See* Dkt. No. 365. "[W]hether a defendant should be released pending trial and whether a defendant should be released pending sentencing or appeal are distinct inquiries governed by different provisions of the Bail Reform Act." *United States v. Lee*, 31 F. App'x 151, No. 01-30876, 2001 WL 1747632, at *1 (5th Cir. Dec. 4, 2001).

"The provisions of 18 U.S.C. § 3143 govern release pending sentencing or appeal." FED. R. CRIM. P. 46(c). 18 U.S.C. § 3143(a)(2) dictates that the Court "shall order that a person who has been found guilty of an offense in a case described in subparagraph (A), (B), or (C) of subsection (f)(1) of section 3142 and is awaiting imposition or execution of sentence be detained unless – (A)(i) the judicial officer finds there is a substantial likelihood that a motion for acquittal or new trial will be granted; or (ii) an attorney for the Government has recommended that no sentence of imprisonment be imposed on the person; and (B) the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to any other person or the community." 18 U.S.C. § 3143(a)(2).

Defendant filed an unopposed Motion to Continue His Pre-Trial Release in which he identifies the exceptional circumstances under 18 U.S.C. § 3145(c) that he contends justify his continued release post-conviction and in which he addresses whether he is likely to flee or pose a danger to any other person or the community if released under 18 U.S.C. § 3142(b) or (c) pending sentencing. *See* Dkt. No. 410.

The Court held a hearing on September 11, 2018 on the matters referred by Judge Boyle, at which Defendant appeared in person and through counsel and the government's counsel appeared. *See* Dkt. No. 411.

## Legal Standards and Analysis

As a preliminary matter, Defendant is subject to mandatory detention under Section 3143(a)(2) because he has, on a guilty plea, now been adjudged guilty of a violation of 21 U.S.C. §§ 846 and 841(a)(1) and (b)(1)(C). *See* Dkt. Nos. 294, 364, & 397.

That is "an offense in a case described in subparagraph (A) ... of subsection (f)(1) of section 3142," specifically, "an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act (21 U.S.C. 801 et seq.)."

Defendant therefore must be detained pursuant to 18 U.S.C. § 3143(a)(2) unless he meets the conditions of release set forth in Section 3143(a)(2) or 18 U.S.C. § 3145(c). Release of "a person who has been found guilty of an offense in a case described in [18 U.S.C. § 3142(f)(1)(A)] and is awaiting imposition or execution of sentence" requires that "the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to any other person or the community." 18 U.S.C. § 3143(a)(2)(B); *see also United States v. Morrison*, 833 F.3d 491, 506 (5th Cir. 2016) ("The decision to detain Jacqueline after conviction is a common one because of the presumption in favor of detention that attaches to a convicted defendant. *See* 18 U.S.C. § 3143."); *United States v. Lopez*, 504 F. App'x 297, 298 (5th Cir. 2012) ("A defendant who has been convicted 'shall ... be detained' pending sentencing 'unless the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released.' Thus, there is a presumption against release pending sentencing." (footnotes omitted)). As the United States Court of Appeals for the Fifth Circuit has repeatedly recognized, Federal Rule of Criminal Procedure 46(c) and Section 3143(a)(1) impose a burden on a convicted defendant seeking release pending sentencing to show by clear and convincing evidence that she or he is not a flight risk or a danger to the community. *See*

18 U.S.C. § 3143(a)(1); FED. R. CRIM. P. 46(c) ("The burden of establishing that the defendant will not flee or pose a danger to any other person or to the community rests with the defendant."); *United States v. Lockett*, 549 F. App'x 269 (mem.), No. 13-11097, 2013 WL 6623771, at *1 (5th Cir. Dec. 17, 2013).

Further, Defendant must meet the conditions of release set forth in Section 3143(a)(2)(A) or 3145(c). Defendant cannot, and does not claim that he can, satisfy the Section 3143(a)(2)(A) showing that there is a substantial likelihood that a motion for acquittal or new trial will be granted or that an attorney for the government has recommended that no sentence of imprisonment be imposed on Defendant.

18 U.S.C. § 3145(c) provides that "[a] person subject to detention pursuant to [18 U.S.C. §] 3143(a)(2) or (b)(2), and who meets the conditions of release set forth in [18 U.S.C. §] 3143(a)(1) or (b)(1), may be ordered released, under appropriate conditions, by the judicial officer, if it is clearly shown that there are exceptional reasons why such person's detention would not be appropriate." As reflected in the Report and Recommendation Concerning Plea of Guilty [Dkt. No. 364], Section 3145(c) provides an alternative basis for pre-sentencing release under "exceptional circumstances," so long as Defendant also makes the required showing under Section 3143(a)(1) and 3143(a)(2)(B) – that is, by clear and convincing evidence that Defendant is not likely to flee or pose a danger to the safety of any other person or the community if released under 18 U.S.C. § 3142(b) or 3142(c) pending sentencing. *See United States v. Carr*, 947 F.2d 1239, 1240 (5th Cir. 1991).

The Court finds that Defendant has made the required showing that he is not

likely to flee or pose a danger to the safety of any other person or the community if continued on release. As Defendant explains in his motion,

> the wholly uneventful nature of the preceding ten months of Defendant Snow's pre-trial release is dispositive in terms of the issue of Defendant's risk of flight or danger to the community. There is, accordingly, nothing to suggest any intervening change of circumstance with which to warrant revisiting these issues previously resolved by the Court when it granted him conditions of release on November 6, 2017. (Dkt.#158). For that matter, Defendant's physical condition has so deteriorated that he poses an even substantially lower risk than at the time originally released as flight – or any physical action that could be construed as dangerous – are both foreclosed in his current state.

Dkt. No. 410 at 2-3.

The issue of Defendant's presentencing release therefore turns on whether "it is clearly shown that there are exceptional reasons why [Defendant's] detention [pending sentencing] would not be appropriate." 18 U.S.C. § 3145(c). In support of that showing, Defendant explains that,

> [w]hile the provisions of 18 U.S.C. § 3145(c) speak to "exceptional reasons" to justify a a defendant's continued release subsequent to pleading to a ten year-plus qualifying offense – such as Defendant pled to on July 31, 2018 – in the context of Defendant Snow's circumstances the inquiry is nothing short of existential; Defendant's return to custody is virtually certain to hasten an already inevitably premature death.
> ....
> Attached as Exhibits A and B, are letters from two of Defendant's treating physicians – Dr. Cara East, Medical Director of the Soltero Cardio Research Center at Baylor, Dallas, and Dr. Hujefa Y. Vora, respectively. While Dr. East's letter reflects a date of July 5, 2018, Dr. Vora's letter is undated.
> ....
> In light of the clarity of the letters, further explication from a non-expert seems unnecessary, save for Dr. East's statement that she is "concerned about his ability to tolerate incarceration." Though not stated in the letter, Defendant Snow has been informed by Dr. East that his incarceration will absolutely preclude his placement on the transplant

list. It could reasonably be stated then, in terms of pure logic, that while Defendant Snow may not receive a heart transplant regardless of any circumstances pertaining to his case, incarcerating him will absolutely assure that he does not receive a transplant. Counsel respectfully submits that where incarceration precludes the chance of the only life saving measure available, there is the most exceptional reason why detention would be inappropriate.
...
>    Independent of Defendant Snow's heart, his health has deteriorated in every respect to a degree that a facility will be unable to address his constant needs. In the intervening ten months since being placed on pre-trial release, Defendant has been hospitalized countless times, including a stay in the ICU, and for prolonged periods, exceeding a week even. He has had his gallbladder removed, and begun treatment for kidney failure.
> ,...
>    Counsel respectfully submits that the life or death nature of incarceration for Defendant is perhaps the most elemental expression of exceptional circumstances, and requests that Defendant Snow be continued on bond.

*Id.* at 1-3 (emphasis omitted).

The United States Court of Appeals for the Fifth Circuit has explained that the "exceptional reasons" provision "was added to § 3145(c) with the mandatory detention provisions of § 3143(a)(2) and (b)(2) and was apparently designed to provide an avenue for exceptional discretionary relief from those provisions." *Carr*, 947 F.2d at 1240. The United States Court of Appeals for the Second Circuit offers a working definition of "exceptional reasons": "a unique combination of circumstances giving rise to situations that are out of the ordinary." *United States v. DiSomma*, 951 F.2d 494, 497 (2d Cir. 1991). That court also explained that, in assessing reasons proffered as the basis for release under Section 3145(c), "a case by case evaluation is essential." *Id.* The United States Court of Appeals for the Eighth Circuit has similarly explained that

"'exceptional' means 'clearly out of the ordinary, uncommon, or rare.'" *United States v. Little*, 485 F.3d 1210, 1211 (8th Cir. 2007) (citation omitted). One court has explained that, "to avoid emasculating the mandatory detention statute[,] 'exceptional reasons review is limited to determining whether remanding the defendant to custody until sentencing would be tantamount to subjecting individuals to unjust detention.'" *United States v. Thomas*, No. 10-cr-229, 2010 WL 3323805, at *2 (D.N.J. Aug. 20, 2010) (quoting *United States v. Christman*, 712 F. Supp. 2d 651, 655 (E.D. Ky. 2010)).

District courts in this circuit have noted a variety of circumstances that do not rise to the level of exceptional. *See United States v. Cyrus*, No. 10-0228-04, 2010 WL 5437247, at *1-*2 (W.D. La. Dec. 27, 2010) (need to "secure his home and attend to other personal matters" were not exceptional reasons justifying release pending sentencing); *United States v. Douglas*, 824 F. Supp. 98, 99-100 (N.D. Tex. 1993) (defendant's cooperation with the government that subjected him to potential retaliation by co-defendants and his attempts at rehabilitation did not constitute exceptional reasons); *United States v. Dempsey*, No. 91-098, 1991 WL 255382, at *1-*2 (E.D. La. Nov. 19, 1991) (poor health, emotional and mental problems, and need to properly prepare his business and his family for his long absence were not exceptional circumstances); *United States v. Scott*, No. 1:95-CR-80-1, 1995 WL 723752, at *1-*2 (E.D. Tex. Nov. 22, 1995) (need to assist parent was a purely personal reason that was no more exceptional than those routinely rejected by courts); *see also United States v. Landry*, No. CR 15-32-JWD-SCR, 2015 WL 5202458, at *2-*4 (M.D. La. Sept. 4, 2015); *United States v. Posada*, 109 F. Supp. 3d 911, 912-16 (W.D. Tex. 2015).

As to a defendant's age and health issues, "'[c]ourts have found that chronic medical conditions are not exceptional reasons justifying release.'" *United States v. Varney*, Crim. No. 12-09-ART-HAI-(1), 2013 WL 2406256, at *5 (E.D. Ky. May 31, 2013) (quoting *United States v. Parker*, No. 1:10-CR-28, 2011 WL 672309, at *2 (E.D. Tenn. Feb 18, 2011). But courts have explained that "[a]n acute need for medical care, on the other hand, may justify release," such as where a defendant needs dialysis treatment and surgery or presents with an illness that is sufficiently grave or a course of treatment that makes detention inappropriate. *Parker*, 2011 WL 672309, at *2. Courts have denied release where, "[a]lthough Defendant's medical conditions are serious, they are not beyond the ability of the United States Marshals Service [] to manage." *Varney*, 2013 WL 2406256, at *5. "A chronic medical condition controlled by medication is generally not an exceptional reason justifying release," where "[a] chronic condition will be present whenever the defendant is incarcerated, so it does not provide a unique reason why pre-sentencing detention would be inappropriate." *Id.* at *1.

Here, the record is clear that Defendant's health condition is deteriorating and that he likely will need a heart transplant in the near future but will be unable to receive one if he is detained pending sentencing. The Court finds that the totality of the facts that Defendant urges as exceptional circumstances, including his compliance with all of his conditions of pretrial release, are, taken together, a unique combination of circumstances giving rise to a situation that is out of the ordinary and in which Defendant's presentencing detention would not be appropriate.

## Conclusion

The Court finds that Defendant Jason Snow has presented so unique a combination of circumstances that is so clearly out of the ordinary, uncommon, or rare as to justify ordering release pending sentencing under Section 3145(c) and that Defendant Jason Snow met his burden to clearly show exceptional circumstances why he should not be detained pending sentencing – that is, exceptional reasons why his detention would not be appropriate – and to show by clear and convincing evidence that he is not likely to flee or pose a danger to any other person or the community if he remains on release under 18 U.S.C. § 3142(c).

Defendant Jason Snow is ORDERED to remain on release, subject to the Court's Order Setting Conditions of Release [Dkt. No. 158], pending his sentencing before United States District Judge Jane J. Boyle.

SO ORDERED.

DATED: September 11, 2018

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE